| | |
|---|---|
| JAKE JOSEPH LOYACANO, JR., | ) |
| Plaintiff, | ) Case No. 1:13-cv-144 |
| v. | ) Honorable Robert Holmes Bell |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) **REPORT AND RECOMMENDATION** |

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) or supplemental security income (SSI) benefits. On June 8, 2010, plaintiff filed his applications for benefits alleging a May 10, 2010 onset of disability.[1] (A.R. 138-50). Plaintiff's claims were denied on initial review. On November 17, 2011, he received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (A.R. 22-68). On December 16, 2011, the ALJ issued his decision finding that plaintiff was not disabled. (A.R. 11-18). On December 19, 2012, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, July 2010 is plaintiff's earliest possible entitlement to SSI benefits.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the ALJ's decision should be overturned because he "erred as a matter of law by failing to properly analyze the claimant's credibility and pain."[2] (Plf. Brief at 13). I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there

---

[2]There is no developed argument in the body of plaintiff's brief corresponding to his statement of errors. (Plf. Brief at iii, docket # 13). Issues raised in a perfunctory manner are deemed waived. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012); *see also Curler v. Commissioner*, No. 13-1721, __ F. App'x __, slip op. at 18 (6th Cir. Apr. 1, 2014). The issues addressed herein are the issues presented in the body of plaintiff's brief. (Plf. Brief at 13-27).

exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013)("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from May 10, 2010, through the date of the ALJ's decision. (A.R. 13). Plaintiff had not engaged in substantial gainful activity on or after May 10, 2010. (A.R. 13). Plaintiff had the following severe impairments: "C5-7 cord impingement, osteoarthritis of bilateral knees (status post 3 scopes), and right shoulder labrum tear, status post surgery." (A.R. 13). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 14). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> Claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b); lift up to 20 pounds occasionally, 10 pounds frequently; stand/walk for about 6 hours and sit up to 6 hours in a typical 8-hour workday; occasionally push/pull with upper extremities; occasionally climb ramps/stairs, balance, stoop, kneel, crouch, crawl, or reach overhead with either upper extremity; never climb ladders, ropes, or scaffolds; no repetitive bending or turning of the neck; avoiding concentrated exposure to extreme cold, and moderate exposure to unprotected heights.

(A.R. 14). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible. (A.R.14-17). Plaintiff could not perform any past relevant work. (A.R.17). Plaintiff was 40-years-old as of the date of his alleged onset of disability and 41-years-old on the date of the ALJ's decision. Thus, at all times relevant to his claims for DIB and SSI benefits, plaintiff was classified as a younger individual. (A.R. 17). Plaintiff has "a limited (9th grade) education but is able to communicate in English." (A.R. 17). The ALJ found that the transferability of jobs skills was not material to a determination of disability. (A.R. 17). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with his RFC, education, and work experience, the VE testified that there were approximately 10,000 jobs in the lower half of Michigan's Lower Peninsula that the hypothetical person would be capable of performing. (A.R. 63-67). The ALJ found that this constituted a significant number of jobs. Using Rule 202.18 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 18).

Plaintiff argues that the ALJ erred as a matter of law "by failing to properly analyze [his] credibility and pain." (Plf. Brief at 13). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). It is the ALJ's function to determine credibility issues. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.

1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge [his] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

Plaintiff argues that the ALJ failed to take the extent of his pain into consideration and "fully consider the factors set forth in 20 C.F.R. § 416.929(c)(2)." (Plf. Brief at 13). Nothing in the social security regulations guarantees that a claimant's testimony regarding his subjective functional limitations will be accepted as credible. Sections 404.1529 and 416.929 describe how the Social Security Administration evaluates a claimant's symptoms, including pain. Among other things, the regulations state: "When the medical signs or laboratory findings show that you have a medically determinable impairment(s) that could reasonably be expected to produce your symptoms,

such as pain, we must then evaluate the intensity and persistence of your symptoms so that we can determine how your symptoms limit your capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). In making this evaluation, the ALJ considers "all the available evidence," including "objective medical evidence" and "other evidence." 20 C.F.R. §§ 404.1529(c), 416.929(c).

The regulations emphasize that objective medical evidence is a "useful indicator" assisting the ALJ in "making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). The Commissioner always attempts to obtain and consider objective medical evidence in reaching a conclusion as to whether the claimant is disabled. (*Id*.).

The objective medical evidence supports the ALJ's factual finding regarding plaintiff's credibility. John Flood, D.O., began treating plaintiff on May 17, 2010. (A.R. 231). Plaintiff reported an onset of neck and trapezial pain in 2003. Plaintiff had no difficulty with his fine motor movements of his hands or his gait. His motor strength was generally 5/5 and tests for upper extremity entrapment neuropathy were negative. X-rays of plaintiff's cervical spine showed severe degenerative changes at C6-7 as evidenced by disc space narrowing and osteophyte formation. (A.R. 231). There was moderate disease at C5-6 with a focal kyphosis. The remaining levels were "unremarkable." (A.R. 231, 233). Dr. Flood did not "see any indication for surgery." (A.R. 232). Dr. Flood found that plaintiff's MRI indicated "degenerative change at C5-6 and more so at C6-7. There [was] a moderate central stenosis at C5-6, with a moderately severe stenosis at C6-7. There

[was] no evidence of myelomalacia. Remaining levels [were] unremarkable."[3] (A.R. 263; *see* A.R. 240-43).

On November 7, 2011, Dr. Flood offered a diagnosis of "cervical spondylosis with discogenic neck pain and no evidence of radiculopathy." (A.R. 287). Dr. Flood recommended that plaintiff pursue a "job change." He did not believe that plaintiff could return to work as a welder. He indicated that plaintiff should avoid work which required repetitive bending and turning of his neck. (A.R. 288). The ALJ incorporated these restrictions into his factual finding regarding plaintiff's RFC. (A.R. 14). No physician imposed work-preclusive limitations. (A.R. 15).

Plaintiff places great emphasis on his symptoms. Symptoms are not objective evidence. They are "subjective and difficult to quantify."[4] 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The "factors" that plaintiff emphasizes throughout his brief are listed in subsection (c)(3) rather than (c)(2). *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also Schmiedebusch v. Commissioner*, 536 F. App'x 637, 649 (6th Cir. 2013). Section (c)(3) provides a non-exhaustive list of other considerations that should inform an ALJ's credibility assessment: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant received for relief of pain or other symptoms; (6) any measures the

---

[3]The ALJ noted that plaintiff "reported that he had seen another orthopedist, Dr. Waterbrook, whose treatment notes [were] not in evidence." (A.R. 14).

[4]It is not sufficient to point to evidence on which the ALJ could have based different findings. It is plaintiff's burden to show that the ALJ's findings are unsupported by substantial evidence, not that there is evidence from which the ALJ could have reached the opposite conclusion. *Jones v. Commissioner*, 336 F.3d at 477; *see Kyle v. Commissioner*, 609 F.3d at 854.

claimant used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis. *See Storey v. Commissioner*, No. 98-1628, 1999 WL 282700, at * 3 (6th Cir. Apr. 27, 1999); *Bowman v. Chater*, No.96-3990, 1997 WL 764419, at * 4 (6th Cir. Nov. 26, 1997) ("While this court applied each of these factors in *Felisky [v. Bowen*, 35 F.3d 1027 (6th Cir. 1994)], we did not mandate that the ALJ undergo such an extensive analysis in every decision."); *Cherry v. Commissioner*, No. 1:12-cv-880, 2014 WL 972157, at * 4 (S.D. Ohio Mar. 12, 2014); *Simmons v. Commissioner*, No. 1:13-cv-203, 2014 WL 587172, at * 9 (N.D. Ohio Feb. 14, 2014); *Ausbrooks v. Commissioner*, No. 12-12144, 2013 WL 3367438, at * 19 (E.D. Mich. July 5, 2013); *Myland v. Astrue*, No. 1:08-cv-632, 2009 WL 5216067, at * 14 (W.D. Mich. Dec. 29, 2009). The ALJ's credibility determination "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007).

Subsection (c)(3) specifies that symptoms "will be taken into account as explained in section (c)(4)." 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (emphasis added). This assurance that a claimant's subjective statements "will be taken into account as explained in section (c)(4)" is not a guarantee that such statements will be accepted as credible by the trier of fact. Subsection (c)(4) describes how the ALJ considers all the available evidence and determines which, if any of the claimant's purported symptoms "can reasonably be accepted as consistent with the objective evidence and other evidence:"

(4) How we determine the extent to which symptoms, such as pain, affect your capacity to perform basic work activities. In determining the extent to which your symptoms, such as pain, affect your capacity to perform basic work activities, we consider all of the available evidence described in paragraphs (c)(1) through (c)(3) of this section. We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled. We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your treating or nontreating source or other persons about how your symptoms affect you. Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence.

20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). The ALJ is not required to accept the testimony of any witness, including plaintiff. *See Jones v. Commissioner*, 336 F.3d at 476; *see also Sullenger v. Commissioner*, 255 F. App'x 988, 995 (6th Cir. 2007) ("The ALJ is the [u]ltimate [d]ecider of [c]redibility.").

Plaintiff makes a passing argument, without the benefit of any supporting legal authority, that the ALJ "incorrectly discounted" his credibility because he applied for and received unemployment benefits after he stopped working. (Plf. Brief at 25). Issues raised in a perfunctory manner are deemed waived. *Clemente v. Vaslo*, 679 F.3d at 497. Even assuming the issue had not been waived, plaintiff's argument is patently meritless. It was entirely appropriate for the ALJ to draw an adverse inference regarding plaintiff's credibility from his application for unemployment benefits during the period he claims to have been disabled. *See Workman v. Commissioner*, 105 F. App'x 794, 801 (6th Cir. 2004) ("Applications for unemployment and disability are inherently inconsistent."); *see also Smith v. Commissioner*, No. 1:12-cv-904, 2014 WL 197846, at * 16 (S.D. Ohio Jan. 15, 2014); *Barton v. Astrue*, No. 3:11-cv-1239, 2013 WL 6196297, at * 7 (M.D. Tenn.

Nov. 27, 2013); *Messina v. Colvin*, No. 3:12-cv-150, 2013 WL 4852328, at * 11 (E.D. Tenn. Sept. 10, 2013); *Davenport v. Commissioner*, No. 10-11350, 2011 WL 2601017, at * 7 (E.D. Mich. May 9, 2011). The ALJ correctly applied the law, and his factual finding regarding plaintiff's credibility is supported by more than substantial evidence.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:   April 1, 2014                   /s/  Joseph G. Scoville
                                         United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).